Filed 9/19/25  P. v. Carbajal CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>ALBERTO HERNANDEZ CARBAJAL,<br><br>　　　Defendant and Appellant. | A172447<br><br>(Del Norte County<br>Super. Ct. No. CR-PB-19-5041) |

## I.  MEMORANDUM OPINION[1]

While serving a life sentence for murder, Alberto Hernandez Carbajal participated in a riot that severely injured several correctional officers.  A jury convicted him of 16 counts of assault by a prisoner.  (Pen. Code, §§ 4500, 4501, subd. (b).)[2]  In Carbajal's first appeal, we reversed as to eight counts and remanded for resentencing.  (*People v. Carbajal* (Dec. 6, 2021, A161025) [nonpub. opn.].)  In two subsequent appeals, we again remanded for resentencing based on prejudicial ineffective assistance of counsel at the first

---

[1] We resolve this case by memorandum opinion. (Cal. Stds. Jud. Admin., § 8.1.)  We provide a limited factual summary because our opinion is unpublished and the parties know, or should know, "the facts of the case and its procedural history." (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851.)

[2] Undesignated statutory references are to the Penal Code.

1

resentencing hearing (*People v. Carbajal* (Mar. 29, 2023, A165143 [nonpub. opn.]) and sentencing errors at the second resentencing hearing (*People v. Carbajal* (May 31, 2024, A168441 [nonpub. opn.]).[3]  Most recently, the trial court resentenced Carbajal to a total of 26 years to life in state prison: nine years to life, doubled to 18 years to life under the Three Strikes law (§§ 667, subd. (e)(1), 1170.12, subd. (c)(1)),[4] for his remaining conviction under section 4500, plus a consecutive, middle term of four years, doubled to eight under the Three Strikes law, for one of seven convictions under section 4501, subdivision (b).  The court stayed the sentences for the remaining convictions pursuant to section 654.

Carbajal raises two claims of error in this appeal, both of which concern his request for relief from Three Strikes sentencing pursuant to section 1385. We review the court's ruling under that section for abuse of discretion, applying a "strong presumption" that a Three Strikes sentence is "both rational and proper."  (*People v. Carmony* (2004) 33 Cal.4th 367, 375, 378 (*Carmony*).)  Only in "an extraordinary case—where the relevant factors . . . manifestly support" relief "and no reasonable minds could differ"—would we find an abuse of discretion.  (*Id.* at p. 378.)  We likewise review the court's other "[d]iscretionary sentencing decisions" for abuse of discretion, including its weighing of aggravating and mitigating factors in selecting a sentence. (*People v. Salazar* (2023) 15 Cal.5th 416, 428, fn. 8.)  The burden is on the

---

[3] We granted Carbajal's request to take judicial notice of the records on appeal in case Nos. A161025 and A168441.

[4] "The 'Three Strikes' law provides that for a defendant convicted of a felony who has sustained" a "qualifying prior felony conviction[]—commonly known as" a strike—" 'the determinate term or minimum term for an indeterminate term shall be twice the term otherwise provided. . .' (§ 667, subd. (e)(1).)"  (*People v. Acosta* (2002) 29 Cal.4th 105, 108–109.)

party attacking the sentence to affirmatively demonstrate that the court misunderstood its sentencing authority. (*People v. Fredrickson* (2023) 90 Cal.App.5th 984, 988 (*Fredrickson*).)

Carbajal first claims the trial court wholly refused to consider his conduct after the riot during his resentencing, because the court said a defendant's crime-free incarceration was "not a reason to exercise any discretion in his favor." But this comment followed the court's express consideration of Carbajal's "relatively crime free" tenure in prison and its appropriate determination that this factor simply did not "carry a lot of weight." (See *People v. Williams* (1998) 17 Cal.4th 148, 163 [crime-free periods in custody did not support relief from Three Strikes sentence]; *People v. Vasquez* (2021) 72 Cal.App.5th 374, 390 ["In analyzing whether a defendant's prior criminal conduct was 'remote,' a trial court should consider whether the defendant 'was incarcerated a substantial part of the intervening time and thus had little or no opportunity to commit' additional crimes"].) The court also confirmed that it had considered Carbajal's brief, which discussed the educational attainment Carbajal emphasizes on appeal. Carbajal fails to show the court refused to exercise or abused its discretion in considering his conduct after the riot.

Next, Carbajal claims the trial court improperly denied his requests for the appointment of an investigator to assess whether there was a racial disparity in his sentence and a psychologist to determine whether his crime was connected to mental illness or childhood trauma. Carbajal first made these requests during a prior resentencing and renewed them in connection with his latest resentencing hearing, where the court summarily denied them. "[T]he trial court has broad discretion whether to appoint an expert at public expense at sentencing," and need not do so unless it finds an expert is

3

essential, for example, to counter the testimony of experts for the prosecution. (*People v. Stuckey* (2009) 175 Cal.App.4th 898, 917, 919 (*Stuckey*).)  Here, the court correctly observed during Carbajal's previous resentencing that it was "speculative" whether experts "would uncover something that we don't know": indeed, Carbajal concedes that it remains completely "unknown whether evidence" to support either of his proposed arguments exists.

While we do not endorse the trial court's unnecessary predictions that it would be unmoved by any such evidence Carbajal might discover, ultimately, Carbajal failed to demonstrate a reasonable necessity for the appointment of experts or how the appointments would be fruitful in this case.  We find no abuse of discretion in the court's denials of Carbajal's requests, and the court's rulings did not violate his constitutional rights. (See *Stuckey*, *supra*, 175 Cal.App.4th at pp. 904–905 [defendant generally has no right to appointment of experts at sentencing]; *People v. Thomas* (2023) 14 Cal.5th 327, 352–354 [even when requesting investigator services to prepare for trial, defendant must show reasonable necessity with specific information about how services would contribute to his defense].)[5]

---

[5] Carbajal's argument that his commission of murder at a young age suggests he suffers from "mental illness and childhood trauma" that would have impacted his actions during the prison riot over 15 years later is unsupported and speculative.  Similarly, Carbajal notes that "a court may appoint an independent expert for the development and interpretation of evidence of a Racial Justice Act violation.  (§ 745, subd. (c)(1).)"  But Carbajal did not assert such a violation below, nor develop an argument under the Racial Justice Act in his appellate briefing.  To the extent he seeks to raise one now, the point is forfeited.  (*People v. Midell* (Aug. 28, 2025, A168758) ___ Cal.App.5th ___ [2025 WL 2476475, at *6] [a Racial Justice Act claim, " 'like any other appellate claim, is subject to the general appellate rules of preservation and forfeiture of claims that could have been but were not made in the trial court' "]; *Oakland Unified School Dist. v. Public Employment*

Finally, Carbajal argues that any failure by his trial counsel to make a record adequate to preserve his contentions about the need for experts at sentencing would amount to ineffective assistance of counsel.  We have considered Carbajal's arguments on their merits, including those addressed to the trial court's reasoning stated at his previous resentencing, so there is no issue of forfeiture.  And as we have explained, there is no indication in the record that there is any evidence to support Carbajal's requests for the appointment of experts.  On direct appeal, "we cannot conclude counsel was deficient in failing to present information that may or may not exist" to advocate more favorable sentencing.  (*Fredrickson*, *supra*, 90 Cal.App.5th at p. 995.)  If there is extra-record information to support Carbajal's requests that counsel failed to present to the trial court, Carbajal may seek a writ of habeas corpus.  (*Ibid.*)

## II.  DISPOSITION

The judgment is affirmed.

---

*Relations Bd.* (2025) 112 Cal.App.5th 725, 763 [failure to present reasoned argument to support a claim of error forfeits the claim on appeal].)

_____

Smiley, J.


WE CONCUR:


_____

Humes, P.J.


_____

Banke, J.


*People v. Carbajal* A172447